2021 UT 54

IN THE

# SUPREME COURT OF THE STATE OF UTAH

KIERNAN FAMILY DRAPER, LLC,
*Appellant,*

*v.*

HIDDEN VALLEY HEALTH CENTERS, LC AND HIDDEN VALLEY L.L.C.,
*Appellees.*

No. 20190588
Heard February 8, 2021
Filed September 2, 2021

On Direct Appeal

Third District, Salt Lake
The Honorable Andrew H. Stone
No. 170900823

Attorneys:

Troy L. Booher, Beth E. Kennedy, Dick J. Baldwin, Salt Lake City, for appellant

Richard D. Burbidge, Carolyn J. LeDuc, Salt Lake City, for appellees

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS, JUSTICE PEARCE, and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1　Kiernan Family Draper, LLC (Kiernan) and Hidden Valley Health Centers, LC and Hidden Valley, L.L.C. (collectively, Hidden Valley) collaborated to develop their neighboring properties into a shopping center. They formalized their collaboration in a declaration of covenants, conditions, and restrictions (Declaration). Among other things, the Declaration stated that "[i]n no event shall the parking ratio within any Parcel be less than four spaces per 1,000 feet of Floor Area of all Buildings within that Parcel." The Declaration also included antiwaiver provisions stating that either party's failure to

enforce a provision of the Declaration "shall not be construed as a waiver" of that provision or any other part of the Declaration.

¶2    When Hidden Valley finished construction on its parcel in 2002, it fell short of its obligation to provide four parking spaces per 1,000 square feet of floor area. But Kiernan waited to sue until 2017.

¶3    We must decide whether the six-year statute of limitations for contract claims limits Kiernan's right to enforce the parking ratio to the post-2002 status quo. We conclude that the Declaration's antiwaiver provisions preserve the parking provision even though Kiernan waited fifteen years to file suit. But what the antiwaiver provisions giveth the statute of limitations taketh away, barring Kiernan from enforcing the parking provision as written.

¶4    We must also decide whether Kiernan can circumvent the statute of limitations on its claim that Hidden Valley exceeded the scope of its cross-parking easement by casting its claim as an action for violation of an easement. We conclude that Kiernan's claim is subject to the statute of limitations even though it has alleged harm to a property right.

## Background

¶5    Beginning in the 1990s, Kiernan and Hidden Valley agreed to develop their neighboring properties into a shopping center.[1] Through the years, their working relationship deteriorated, precipitating this case.

¶6    Before beginning construction on the shopping center, Kiernan and Hidden Valley formalized their joint development project by entering into a declaration of covenants, conditions, and restrictions. As part of this Declaration, they agreed to maintain a ratio of four parking spaces per 1,000 square feet of floor area on each parcel and provided for cross-parking easements for the properties. That way each party would bear a proportionate burden to provide parking for the shopping center. The parties also included two antiwaiver provisions in the Declaration stating that either party's failure to enforce a provision of the Declaration "shall not be

---

[1] It was Kiernan and Hidden Valley's respective predecessors in interest that originally executed this agreement. But because this fact is not pertinent to our analysis on appeal, we refer to those predecessors by the parties' names.

construed as a waiver" of that provision or any other part of the Declaration.

¶7  In 1999, Kiernan and Hidden Valley amended the Declaration. Hidden Valley negotiated for larger building footprints on its parcel—which would reduce the available parking area—in exchange for constructing improvements that would benefit both parties' parcels. Kiernan agreed to these changes. But the parties did not amend the Declaration's parking ratio or either of the antiwaiver provisions.

¶8  After the parties amended the Declaration, Hidden Valley finalized its construction plan and submitted it to Draper City for approval. Draper City asked Hidden Valley to reduce the parking lot by about thirteen spaces. Hidden Valley modified its plan accordingly, so the city approved the plan and made it available to the public. Shortly thereafter, Hidden Valley began construction.

¶9  In 2002, both parties had completed some construction. In accordance with its construction plan, Hidden Valley constructed fewer than four parking spaces per 1,000 square feet of floor space on its parcel. But although Hidden Valley breached its obligation to provide parking as required in the Declaration, Kiernan chose not to enforce the parking ratio at that time.

¶10 About fifteen years later, Kiernan filed three claims for breach of contract, seeking damages and injunctive relief for Hidden Valley's breach of the Declaration.[2] Kiernan also included a broad claim for declaratory relief "as to the rights and obligations of the parties under the Declaration."

¶11 During discovery, Kiernan learned that Hidden Valley had restriped its parking lot on its parcel shortly before Kiernan filed suit, temporarily removing four additional parking spaces.

¶12 Before trial, Hidden Valley filed a motion for summary judgment, arguing that Kiernan's claims were time-barred under the

---

[2] In addition to claiming that Hidden Valley breached the parking ratio provision, Kiernan also sought damages under other provisions of the Declaration. Kiernan sought damages and injunctive relief for Hidden Valley's alleged failure to obtain its consent to build its facilities and damages for Hidden Valley's alleged breach of the declaration's building size restrictions. Neither of these claims are at issue on appeal.

six-year statute of limitations for contract claims.[3] In response, Kiernan advanced two arguments for why its contract claims should not be subject to the statute of limitations.

¶13 First, Kiernan argued that the statute of limitations should not apply because Hidden Valley's operation of an under-parked business effected a continuing breach of the Declaration. Second, it argued that the expiration of the statute of limitations on its contract claims should not be interpreted as effectively granting Hidden Valley a greater easement interest on the Kiernan lot.

¶14 In its memorandum decision, the district court concluded that Kiernan's claims were time-barred because Hidden Valley's initial breach was the construction of its facilities and deficient parking lot. And Hidden Valley's daily operation of its business in those facilities, the court found, had not caused subsequent harm to Kiernan beyond the harm of the initial breach.[4]

¶15 The court reasoned that Hidden Valley's construction plan had been public since Draper City approved it in 1999. Moreover, the ratio of parking spaces to floor space had been visible on the property since 2002 when Hidden Valley completed construction. So Kiernan had notice of Hidden Valley's deficient parking lot for more than six years before filing suit in 2017. Any of Kiernan's claims regarding the 2002 changes to the parking lot were therefore time-barred under the statute of limitations because Kiernan filed suit more than six years after the changes.

¶16 The court nevertheless granted summary judgment to Kiernan regarding Hidden Valley's 2017 restriping because Hidden Valley did not dispute that it had temporarily removed some parking spaces in breach of the Declaration at that time. The court explained that, at trial, it would therefore measure Hidden Valley's 2017 breach by "whatever difference those changes made to the status quo at the time." That is, the court concluded that the expiration of the statute of limitations for Kiernan's claims regarding

---

[3] *See* UTAH CODE § 78B-2-309(1)(b).

[4] To reach this conclusion, the district court relied on *Sycamore Family, L.L.C. v. Vintage on the River Homeowners Ass'n, Inc.*, in which the court of appeals concluded that, because water and sewage stayed within the confines of its pipes, the water and sewage flowing through pipes laid on another's property "d[id] not constitute a new encroachment onto the land." 2006 UT App 387, ¶ 4, 145 P.3d 1177.

the 2002 changes to the parking lot had created a new post-2002 "status quo" in place of the parking ratio originally recorded in the Declaration.

¶17 At trial, the court concluded that Hidden Valley's 2017 restriping was a technical breach of the Declaration and considered whether Kiernan was entitled to any damages. As the court had explained in its summary judgment order, it considered the difference the removal of four spaces had made to the post-2002 status quo—the state of the parking ratio after Hidden Valley completed construction. The court determined that Kiernan had not suffered any financial or economic loss from Hidden Valley's 2017 breach, because the only business operating on Kiernan's parcel, Kmart, had gone out of business the year before. Kmart had shuttered its doors but continued to pay rent and retained its right to occupy the property until its lease expired. So the court noted that any harm resulting from the 2017 restriping would have been inflicted on Kmart because it held the right to occupy the Kiernan parcel for the period between when Hidden Valley had removed the spaces and when it had later replaced them. Kiernan, in contrast, did not hold the right to occupy the parcel at this time, and so it was not entitled to any compensatory damages. And because the court awarded no compensatory damages, it declined, in its discretion,[5] to award Kiernan nominal damages for Hidden Valley's technical breach.

¶18 The district court also declined to award declaratory relief regarding the scope of Hidden Valley's cross-parking easement because Kiernan had "presented no evidence of any alleged change to, or impact upon, the scope of the cross-easements arising from Hidden Valley's temporary parking changes." And any dispute over future permitting was unripe.

¶19 Although the court concluded that Hidden Valley had technically breached the Declaration in 2017, because it declined to award Kiernan any relief, it designated Hidden Valley the prevailing party and awarded it attorney fees.

¶20 Kiernan appealed the district court's decision, arguing that the court erred in applying the statute of limitations to bar it from

_____

[5] *See Smith v. Simas*, 2014 UT App 78, ¶ 27, 324 P.3d 667 (noting that a trial court need not award even nominal damages in the case of a technical breach with no actual damages).

enforcing the parking ratio as written in the Declaration and in limiting Kiernan's recovery to the post-2002 status quo. In the alternative, Kiernan argues that, because Hidden Valley exceeded the scope of its cross-parking easement, and Hidden Valley has not met the requirements for a prescriptive easement, the district court erred in barring Kiernan's claim.

¶21 We have jurisdiction under Utah Code section 78A-3-102(3)(j).

### Standard of Review

¶22 We review for correctness the district court's application of the statute of limitations to bar Kiernan's recovery because "[t]he applicability of a statute of limitations . . . [is a] question[] of law."[6]

### Analysis

¶23 On appeal, Kiernan argues the district court erred in concluding that, because its claims relating to Hidden Valley's 2002 breach were time-barred, its recovery should be limited to any damages caused by the subsequent 2017 breach. Kiernan asserts that the Declaration's antiwaiver provisions preserve its right to enforce the agreement as written, so the district court should not have measured Hidden Valley's 2017 breach against the post-2002 status quo. We disagree.

¶24 As written, the Declaration preserves the parking provision despite Kiernan's past failure to enforce it. But because parties may not contract around the statute of limitations, and because Kiernan did not file a claim based on Hidden Valley's 2002 breach within the six-year limitation, we affirm the district court and hold that Kiernan is time-barred from recovering for the harm flowing from Hidden Valley's 2002 breach. The district court thus correctly measured the harm from Hidden Valley's 2017 breach against the post-2002 status quo.

¶25 Alternatively, Kiernan argues that it can circumvent the statute of limitations on its claim that Hidden Valley exceeded the scope of its cross-parking easement by casting its claim as an action for violation of an easement and demonstrating that Hidden Valley has not met the requirements for a prescriptive easement. But Hidden Valley has not claimed a prescriptive easement. Even though

---

[6] *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 18, 108 P.3d 741 (citation omitted).

Kiernan has alleged harm to a property right, it is a right arising from the Declaration. So, Kiernan's claim that Hidden Valley encroached on its easement is subject to the statute of limitations applicable to actions based on contract and therefore time-barred. So we affirm the district court.

## I. Kiernan Has Not Waived the Parking Provision

¶26 Kiernan argues it did not waive the parking provision by waiting until 2017 to enforce it because failure to enforce a provision does not constitute waiver under the terms of the Declaration. Although we agree that Kiernan did not waive the parking provision by its inaction, we nevertheless conclude that Kiernan is barred by the statute of limitations from recovering for any harm caused by Hidden Valley's 2002 breach.

¶27 Interpretation of declarations of covenants, conditions, and restrictions is "governed by the same rules of construction as those used to interpret contracts."[7] And we have held that "[p]ersons dealing at arm's length are entitled to contract on their own terms without the intervention of the courts for the purpose of relieving one side or the other from the effects of a bad bargain."[8] This is because "[i]t is not our prerogative to step in and renegotiate the contract of the parties."[9] We enforce agreements "as written."[10]

¶28 The Declaration in this case prohibits the "parking ratio within any Parcel [from being] less than four spaces per 1,000 feet of" floor area of the buildings within that parcel. It further provides that "[f]ailure to insist in any one or more cases upon the strict performance of any of the covenants of this Declaration or to exercise any remedy herein contained shall not be construed as a waiver or a relinquishment for the future of such covenant or remedy." So any failure on Kiernan's part to insist on strict performance of the parking ratio "shall not be construed as" a waiver of the parking provision.

---

[7] *Swenson v. Erickson*, 2000 UT 16, ¶ 11, 998 P.2d 807.

[8] *Com. Real Est. Inv., L.C. v. Comcast of Utah II, Inc.*, 2012 UT 49, ¶ 38, 285 P.3d 1193 (citation omitted).

[9] *Id.* (citation omitted).

[10] *Swenson*, 2000 UT 16, ¶ 11; *see also Fort Pierce Indus. Park Phases II, III & IV Owners Ass'n v. Shakespeare*, 2016 UT 28, ¶ 19, 379 P.3d 1218.

¶29 "Waiver is an intentional relinquishment of a known right."[11] "[T]o determine whether [a party] waived its right to insist on performance under [a] contract," courts consider "the conduct or communication of the parties."[12] The burden falls on the "party asserting implied waiver ... [to] establish that the other party 'intentionally act[ed] in a manner inconsistent with its contractual rights.'"[13] "So if [an] otherwise-breaching party can show that the other party intentionally waived its rights under [a] contract, noncompliance with the relevant provision will not be construed as a breach."[14]

¶30 Kiernan relies on our holding in *Mounteer Enterprises, Inc. v. Homeowners Ass'n for the Colony at White Pine Canyon* to support its position that it did not waive its right to enforce the parking provision. In *Mounteer,* we considered whether a party to a contract had implicitly waived both a substantive provision and an antiwaiver provision by inaction. We held that "[w]hen a contract contains an antiwaiver provision, a party cannot waive a contractual right merely by failing to enforce the provision establishing that right."[15]

¶31 Because of the Declaration's antiwaiver provisions, we conclude that Kiernan has not waived the parking provision's prohibition of a ratio of less than "four spaces per 1,000 feet" of floor area on Hidden Valley's parcel. But our analysis does not end there. We now examine whether the statute of limitations nevertheless bars Kiernan from enforcing this ratio.

## II. The Statute of Limitations Bars Kiernan from Enforcing the Parking Provision as Written

¶32 Kiernan argues the district court erred in holding that, because the statute of limitations bars any claim arising from Hidden Valley's 2002 construction, Kiernan's recovery for the 2017 breach is limited to the post-2002 status quo. In Kiernan's view, the

---

[11] *Wilson v. IHC Hosps., Inc.*, 2012 UT 43, ¶ 61, 289 P.3d 369 (citation omitted).

[12] *Mounteer Enters., Inc. v. Homeowners Ass'n for the Colony at White Pine Canyon*, 2018 UT 23, ¶ 16, 422 P.3d 809.

[13] *Id.* ¶ 17 (third alteration in original) (citation omitted).

[14] *Id.* ¶ 18.

[15] *Id.* ¶ 19.

Declaration's antiwaiver provisions forbid "a ruling that past inaction following an earlier breach preclude[s] a party from later enforcing an express contractual limitation." As discussed above, we agree that the antiwaiver provisions ensure that Kiernan has not waived the parking provision by inaction. But an antiwaiver provision may not circumvent the statute of limitations for contract claims. So although a party may not have waived a contractual right by waiting to file suit, the statute of limitations may still bar it from recovering for harm caused by a breach of that right.

¶33 Distinct from the doctrine of waiver, statutes of limitations "establish a prescribed time within which an action must be filed after it accrues. They do not abolish a substantive right to sue, but simply provide that if an action is not filed within the specified time, the *remedy* is deemed to have been waived . . . ."[16] They "are not designed exclusively for the benefit of individuals but are also for the public good."[17] They "are intended to prevent the revival and enforcement of stale demands[,] against which it may be difficult to defend, because of lapse of time, fading of memory, and possible loss of documents."[18] So we have held "that a stipulation contained in a written instrument, waiving the defense of the statute of limitations permanently, as to any breach of contract that might occur in the future, is void and unenforceable as contrary to public policy."[19] We reaffirm that holding today.

¶34 Before trial, pursuant to Hidden Valley's motion for summary judgment, the district court considered whether Kiernan's claims regarding the "alleged breaches of the Declaration . . . are barred under the 6-year statute of limitations found in Utah Code Annotated §78B-2-309(2)." The court concluded that because Hidden Valley had completed construction in 2002, any breach of contract claims regarding the parking ratio at that time had accrued to Kiernan in that year. And because Kiernan waited longer than six years to file suit, the court concluded that Kiernan was time-barred from pursuing those claims now. So the court measured any damages resulting from the 2017 breach "by whatever difference those changes made to the [post-2002] status quo."

---

[16] *Lee v. Gaufin*, 867 P.2d 572, 575 (Utah 1993) (emphasis added).

[17] *Hirtler v. Hirtler*, 566 P.2d 1231, 1231 (Utah 1977).

[18] *Id.*

[19] *Id.* at 1232.

¶35 On appeal, Kiernan does not contest the district court's conclusion that any claims arising from Hidden Valley's 2002 breach accrued at that time. Kiernan also does not contest the applicability of the statute of limitations to bar those claims. But Kiernan nevertheless argues that the court erred in limiting its recovery to the post-2002 status quo. Kiernan maintains that, in light of the antiwaiver provisions, it should be able to enforce the parking provision as written because our case law states that "[w]hen a contract contains an antiwaiver provision, a party cannot waive a contractual right merely by failing to enforce" it.[20] But this argument conflates the distinct affirmative defenses of waiver and statute of limitations.[21]

¶36 The district court did not conclude below, and Hidden Valley did not argue on appeal, that Kiernan waived the parking provision by inaction. Rather, the court concluded that Kiernan's failure to pursue its claim within the six-year statute of limitations foreclosed its ability to contest Hidden Valley's 2002 breach. In other words, the court concluded that the statute of limitations barred any claim for damages flowing from Hidden Valley's 2002 breach—thus Kiernan's recovery was limited to the harm flowing from the 2017 breach.

¶37 Kiernan asks this court to ignore the events of the 2002 construction and its failure to contest them, and consider only Hidden Valley's 2017 breach—measuring the parking ratio existing at the time of the 2017 breach against the ratio contemplated in the Declaration's parking provision. But this compartmentalization of the facts misses Kiernan's burden to timely pursue its claims within the statute of limitations.

¶38 Looking at the terms of the Declaration alone, the parking provision appears to be enforceable consistent with its original terms. But Kiernan concedes that the Declaration's antiwaiver provisions do not circumvent the statute of limitations for claims relating to Hidden Valley's 2002 breach. And Kiernan agrees that it cannot seek a remedy for Hidden Valley's 2002 breach. So we see no way to conclude that, despite Kiernan's inability to pursue a remedy

---

[20] *Mounteer Enters., Inc. v. Homeowners Ass'n for the Colony at White Pine Canyon*, 2018 UT 23, ¶ 19, 422 P.3d 809.

[21] *See* UTAH R. CIV. P. 8(c) (listing both "statute of limitations" and "waiver" as affirmative defenses).

for the 2002 breach, Kiernan can nevertheless enforce the parking ratio as written based on Hidden Valley's negligible 2017 breach. Such enforcement would necessarily go beyond remedying the harm flowing from the 2017 breach and require the "revival . . . of stale demands," in conflict with the public policy undergirding the statute of limitations.[22]

¶39 In summary, although Kiernan did not waive the parking provision, because the remedy for Hidden Valley's 2002 breach is time-barred, Kiernan cannot enforce the parking ratio as written. By letting the statute of limitations expire on its claims arising in 2002, Kiernan limited its recovery to the damages flowing from the 2017 breach.[23]

### III. Kiernan's Prescriptive Easement Argument Fails

¶40 Alternatively, Kiernan argues the court erred in effectively granting Hidden Valley a greater cross-parking easement than the one for which the parties contracted. To support this argument, Kiernan relies on the notion that the expiration of the statute of limitations on its contract claim should not alter Hidden Valley's easement rights.[24] So, Kiernan's argument continues, because Hidden Valley has not met the requirements for a prescriptive easement, the district court erred in concluding that Hidden Valley was not liable in damages for its 2002 construction. We reject this

---

[22] *Hirtler*, 566 P.2d at 1231.

[23] In reaching this conclusion, we note that we were not asked to determine whether a purely equitable claim would also be barred in these circumstances. This remains an open question in Utah law. Courts in other jurisdictions, however, "will usually grant or withhold relief [by] analogy to the statute of limitations relating to actions at law of like character." *Sterenbuch v. Goss*, 266 P.3d 428, 436 (Colo. App. 2011) (alteration in original) (citation omitted); *see also CIG Expl., Inc. v. State*, 2001 UT 37, ¶ 11, 24 P.3d 966 (explaining that, in federal courts, "[e]quitable claims will be barred after the time fixed by the analogous statute of limitations unless extraordinary circumstances make the application unjust").

[24] On appeal, Kiernan does not contest the district court's determination that its breach of contract claims regarding the building size and consent provisions of the Declaration were time-barred. So we limit our analysis to Kiernan's claim that Hidden Valley breached the parking ratio provision.

argument because Hidden Valley has not claimed a prescriptive easement on the Kiernan lot. And Kiernan's claim that Hidden Valley exceeded the scope of its easement by breaching the parking ratio provision is subject to the statute of limitations for contract claims. Indeed, the cross-parking easement was created by contract, and causes of action "founded upon an instrument in writing" must generally be brought within six years of their accrual.[25]

¶41 To obtain a prescriptive easement, a party "must establish a [property] use that is (1) open, (2) notorious, (3) adverse, and (4) continuous for at least 20 years."[26] But "[a]n easement created in a declaration of covenants, conditions and restrictions is . . . an *express* easement, the terms of which are interpreted according to traditional rules of contractual construction."[27] So the scope of Hidden Valley's easement is governed by the Declaration.

¶42 The Declaration grants the parties reciprocal easements to the parking spaces on the other party's parcel.[28] Kiernan argues that Hidden Valley's failure to meet its obligations under the parking provision has resulted in a smaller shared lot. So, in Kiernan's view, Hidden Valley has exceeded the scope of the cross-parking easement by benefitting from Kiernan's lot without providing its fair share of parking. But this fact does not change the character of Kiernan's contract claims nor the applicability of the statute of limitations. Kiernan challenges Hidden Valley's deficient performance under the Declaration.

¶43 To determine whether the statute of limitations for contract claims applies, we assess whether "the fact of liability arises or is

---

[25] UTAH CODE § 78B-2-309(1)(b).

[26] *Marchant v. Park City*, 788 P.2d 520, 524 (Utah 1990).

[27] *Equine Holdings LLC v. Auburn Woods LLC*, 2021 UT App 14, ¶ 21, 482 P.3d 880 (emphasis added).

[28] Notably, with no mention of the parking ratio, section 6.01 of the Declaration states that the "Declarants hereby grant to each and every Owner . . . and declare for the benefit of each of the respective Parcels . . . mutual, reciprocal, and non-exclusive easements and rights . . . for . . . ingress, egress, access, and parking for vehicular or pedestrian traffic, upon or across the parking areas, entrances, exits, driveways, walks, or services drives."

assumed or imposed from the instrument itself, or its recitals."[29] For example, in *Thomas E. Jeremy Estate v. Salt Lake City*, a property owner argued that its claims should not be subject to the statute of limitations for contract claims by characterizing Salt Lake City's use of a right of way on the property as a taking of private property for public use.[30] We rejected this argument because, in its original complaint, the property owner quoted the terms of a contract granting the city the right of way and defining its scope to show that the city had exceeded it.[31] Because the property owner's theory of liability was founded on the terms of a contract, and even though the owner had alleged harm to a property right, we concluded that its claim was subject to the statute of limitations for contract claims and rejected it as time-barred.[32] Kiernan's claims are similarly founded on the terms of a contract.

¶44 In Kiernan's original complaint, it included three breach of contract claims and a broad fourth claim for declaratory relief "as to the rights and obligations of the parties under the Declaration." When Hidden Valley filed a motion for summary judgment, arguing that Kiernan's contract claims were time-barred, Kiernan asserted that, because it had alleged harm to a property right, its claims should not be subject to the statute of limitations. And, in its view, the expiration of the statute of limitations on its contract claims should not have the effect of granting Hidden Valley a greater easement right than the one for which the parties had contracted.[33] The district court nevertheless dismissed Kiernan's breach of contract claims regarding Hidden Valley's 2002 construction as time-barred and concluded that, for any remaining claims, Kiernan had failed to demonstrate harm.

---

[29] *Bracklein v. Realty Ins. Co.*, 80 P.2d 471, 476 (Utah 1938).

[30] 49 P.2d 405, 406 (Utah 1935).

[31] *Id.* at 407.

[32] *See id.*

[33] As discussed above, Kiernan also tried to circumvent the statute of limitations by recharacterizing Hidden Valley's breach as one of a continuing nature. *See supra* ¶ 13. But the district court rejected this argument. Kiernan does not appeal the district court's determination on this issue, *see supra* ¶ 14, so we do not address Kiernan's continuing-breach argument.

¶45 On appeal, Kiernan revives its attempt to circumvent the time-bar on its parking provision claim by characterizing the harm caused by Hidden Valley's breach as encroachment upon a property right—the easement for which the parties contracted. Kiernan argues that "Hidden Valley's failure to provide sufficient parking spaces . . . violated the easement by requiring Kiernan to carry a greater parking burden on its parcel." And, Kiernan continues, "Hidden Valley's conduct could not have altered the easement (by prescriptive easement) unless it had satisfied the elements of prescriptive easement for 20 years." But the requirements for a prescriptive easement are not at issue in this appeal because Hidden Valley has not claimed such a right.[34]

¶46 Kiernan's reliance on the terms of the Declaration to allege Hidden Valley's encroachment reveals the true nature of its appealed claim—Kiernan is challenging Hidden Valley's deficient performance under the parties' contract. Like the property owner in *Thomas E. Jeremy Estate*, Kiernan's theory of liability relies on Hidden Valley's promised performance of a contractual obligation and alleged harm to real property. Under the terms of the Declaration, Hidden Valley was obligated to provide a proportional amount of parking in exchange for a cross-parking easement. Hidden Valley's failure to provide sufficient parking in 2002 gave rise to a potential breach of contract cause of action, and that is the only claim Kiernan included in its complaint from which Kiernan now appeals.

¶47 In summary, we reject Kiernan's argument that the district court erred in effectively granting Hidden Valley a greater easement

---

[34] Kiernan's brief does not provide any case law to support its position that meeting the requirements for a prescriptive easement is the only means by which an easement can be modified. To the contrary, Utah law suggests that "modification can occur in several ways, including through methods provided in the original granting document or through other actions by one or both parties." *Equine Holdings LLC*, 2021 UT App 14, ¶ 19 (citing RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 7.1 cmt. a (AM. L. INST. 2000) (stating that "[a] servitude may be modified or terminated by agreement of the parties, by other methods spelled out in the document that creates the servitude, and by a variety of other methods," such as abandonment, estoppel, and claims of laches)); *see also* RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 8.3 cmt. a ("Denial of relief . . . may have the practical effect of modifying [a] servitude.").

interest than the one for which the parties contracted. The alleged harm to its property Kiernan now asserts as part of its claim that Hidden Valley breached the parking ratio provision is subject to the contract statute of limitations. Hidden Valley's easement interest was created and defined by the terms of the Declaration. It was Kiernan's failure to pursue those claims within the statute of limitations that resulted in Hidden Valley receiving a cross-parking easement in exchange for a smaller parking contribution than originally contemplated in the declaration.

## Conclusion

¶48  We reject Kiernan's argument that it can enforce the parking provision as written even though the statute of limitations has expired on its claims arising from Hidden Valley's 2002 construction. Although Kiernan's inaction does not amount to waiver of the parking provision, the statute of limitations nevertheless bars relief for breaches occurring longer than six years in the past.

¶49  We also reject Kiernan's argument that it can circumvent the statute of limitations on its claim that Hidden Valley exceeded the scope of its cross-parking easement by casting its claim as an action for violation of an easement. We conclude that Kiernan's claim is subject to the statute of limitations even though it has alleged harm to a property right. We affirm the district court.

———————————